UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MODESTO CORTES RIOS,

                              Plaintiff,

          -against-

KENKLEEN CORP., KENNETH KINZER, and
ZACHARY KINZER,

                              Defendants.

**COMPLAINT**

**ECF CASE**

**JURY TRIAL DEMANDED**

Plaintiff Modesto Cortes Rios ("Cortes" or "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Braverman Law PC, complaining of defendants Kenkleen Corp., ("Kenkleen"), Kenneth Kinzer, and Zachary Kinzer (collectively referred to as "defendants"), alleges:

<u>NATURE OF THE ACTION</u>

1.      This action is brought to recover unpaid minimum and overtime wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL").

2.      Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum and overtime wages, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29

U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over

plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391. All facts alleged in this Complaint occurred at the business operated by

defendants located in the Eastern District of New York.

THE PARTIES

**Defendants**

5.      Defendant Kenkleen Corp. is a New York corporation that owns, operates,

and does business as Bridgestone Dry Cleaners and Laundry ("Bridgestone"), a dry

cleaning and laundry service with two locations, one in the Cobble Hill neighborhood,

at 175 Court Street, Brooklyn, New York 11201, and the other in the Dumbo

neighborhood, at 109 Front Street, Brooklyn, New York 11201.

6.      Bridgestone has employees engaged in commerce or in the production of

goods for commerce and handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person.

7.      Bridgestone is an "enterprise engaged in interstate commerce" within the

meaning of the FLSA.

8.      Upon information and belief, Bridgestone has annual gross volume of

sales in excess of $500,000.

9.      Upon information and belief, defendant Kenneth Kinzer is the owner of Bridgestone, and Zachary Kinzer is the manager of Bridgestone's operations.

10.     Throughout Cortes' employment, Kenneth and Zachary Kinzer hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Bridgestone.

11.     Kenneth and Zachary Kinzer exercise sufficient control over the operations of Bridgestone to be considered plaintiff's employers under the FLSA and NYLL.

**Plaintiff**

12.     Plaintiff Cortes resides in Queens, New York.

13.     Defendants employed Cortes from approximately October 10, 2014 to approximately June 12, 2015, when the defendants fired him.

14.     Cortes ironed shirts and performed related duties at the Dumbo location of Bridgestone for the entirety of his employment with defendants.

<u>PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS</u>

**Defendants' Paystubs Underreported the Number of Hours Actually Worked.**

15.     Cortes was paid at the rate of $15.00 per hour.

16.     Cortes' official schedule was to work from 7 a.m. to 4 p.m., Monday through Friday.

17.     However, Cortes typically worked between two and three hours more each day. He would frequently begin working at approximately 6:30 a.m. and work

until approximately 5:30 p.m. or 6 p.m. As a result, Cortes worked approximately fifty-five hours per week.

18.     On several occasions, Cortes was absent for a day because he or a family member was sick.

19.     On several occasions, Cortes worked a full day on Saturday, in addition to his regularly scheduled hours.

20.     Plaintiff Cortes received paystubs from Bridgestone purporting to reflect his hours worked.

21.     Yet the paystubs state fewer hours than Cortes actually worked per workweek.

22.     From approximately October 10, 2014 through approximately March 7, 2015, defendants' pay stubs reflected that Cortes worked forty hours in a week, rather than the fifty-five hours that he actually worked.  As a result, during this period, Cortes did not receive any compensation for his overtime hours (i.e., those hours over forty in a workweek).

23.     From approximately March 7, 2015 through approximately June 12, 2015, defendants' paystubs did reflect that Cortes worked some hours over forty per week, but such paystubs continued to underreport the actual number of hours worked by Cortes.  As a result, during this period, Cortes did not receive full compensation for his overtime hours.

24.     The defendants would not permit Cortes to use the time entry system used by some of the other staff.

4

**Defendants Failure to Provide Pay Proper Notices**

25.     The defendants did not provide Cortes with a notice informing him of, *inter alia*, his rate of pay at the time of hiring.

### FIRST CLAIM
### (Fair Labor Standards Act — Unpaid Minimum Wage)

26.     Plaintiff repeats and realleges paragraphs 1 through 25 as if set forth herein.

27.     Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

28.     Defendants were required to pay Cortes the applicable minimum wage rate for each hour that he worked.

29.     Defendants failed to pay Cortes the minimum wages to which he was entitled under the FLSA.

30.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the plaintiff.

31.     As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (New York Labor Law — Unpaid Minimum Wage)

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if set forth

herein.

33.     Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

34.     Defendants failed to pay plaintiff the minimum wages to which plaintiff was entitled under the NYLL.

35.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff minimum hourly wages.

36.     As a result of defendants' willful violations of the NYLL, plaintiff has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
### (Fair Labor Standards Act — Unpaid Overtime)

37.     Plaintiff repeats and realleges paragraphs 1 through 36 as if set forth herein.

38.     Defendants were required to pay plaintiff one and one-half (1 ½) times their regular rates of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

39.     Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

40.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

41.     Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law — Unpaid Overtime)

42.     Plaintiff repeats and realleges paragraphs 1 through 41 as if set forth herein.

43.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1 ½) times the regular rate of pay for all hours that he worked in excess of forty.

44.      Defendants failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

45.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

46.     Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law — Wage Theft Prevention Act)

47.     Plaintiff repeats and realleges paragraphs 1 through 46 as if set forth herein.

48.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and

whenever there is a change to an employee's rate of pay. From its enactment on April 9,

2011, through 2014, the Wage Theft Prevention Act also required employers to provide

an annual written notice of wages to be distributed on or before February 1 of each year

of employment.

49.     The NYLL and WTPA also require employers to provide employees with

an accurate wage statement each time they are paid.

50.     Throughout plaintiff's employment with defendants, defendants paid the

plaintiff without providing a wage statement accurately listing: the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours

worked; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; and net wages.

51.      In violation of NYLL § 191, defendants failed to furnish to the plaintiff at

the time of hiring, whenever there was a change to the plaintiff's  rates of pay, and on or

before February 1 of each year of employment through 2014, wage notices containing

the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; allowances, if any, claimed as part of the minimum

wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer in accordance with NYLL § 191; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone

number of the employer, and anything otherwise required by law; in violation of the

NYLL § 195(1).

52.     Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

53.     Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

54.     Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a.      declaring that defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b.      declaring that defendants violated the notice provisions of the NYLL and WTPA;

c.     declaring that defendants' violations of the FLSA and NYLL were willful;

d.     enjoining future violations of the FLSA and NYLL by defendants;

e.     awarding the plaintiff damages for unpaid minimum and overtime wages;

f.     awarding plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

g.     awarding the plaintiff liquidated damages as a result of defendants' failure to furnish correct wage statements and annual notices pursuant to the NYLL;

h     awarding the plaintiff pre- and post-judgment interest under the NYLL;

i.     awarding the plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

j.     awarding such other and further relief as the Court deems just and proper.



Dated:     September 3, 2015
           New York, New York




                                    BRAVERMAN LAW PC

                                    By: _____
                                          Adam Braverman

                                    450 Seventh Avenue, 13th Floor
                                    New York, New York 10123
                                    (212) 206-8166
                                    abraverman@bravermanpc.com