

# CARDI & EDGAR LLP

Partners
Dawn M. Cardi
Chad L. Edgar

Associates
Mary E. Bartholomew
Robyn L. Enes
Ariadne Green

January 29, 2016

**BY ECF**

Honorable Jack B. Weinstein
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Rios v. KenKleen Corp., et al.*, 15 Civ. 5151 (JBW) (SMG)

Dear Judge Weinstein:

    Our firm represents defendants KenKleen Corp., Kenneth Kinzer and Zachary Kinzer in the above-captioned proceeding. We write on behalf of both parties to seek the Court's approval of an executed settlement agreement, annexed hereto as Exhibit A, pursuant to *Cheeks v. Freeport Pancake House, Inc.* In support of the parties' contention that the settlement is fair and reasonable, the parties submit the following explanation of its terms and circumstances.

    Mr. Modesto Rios was an employee of defendant KenKleen Corp. from approximately October 2014 to June of 2015. KenKleen Corp. does business as a dry cleaner and Mr. Rios was a shirt presser. Mr. Rios contends that his direct supervisor, defendant Zachary Kinzer, would not allow him to use the time clock located in the company's computer in order to track his arrival and departure from the workplace. Defendants contend that Zachary Kinzer was unaware that Mr. Rios was not using the time clock. Defendants further contend that Zachary Kinzer asked Mr. Rios every week whether he worked any hours over forty. During some weeks Mr. Rios related to Zachary Kinzer that he did work some hours over forty and he was compensated for such. Mr. Rios contends that while his paychecks clearly show instances where he was paid appropriately for hours worked over forty he was nonetheless forced to underreport his real hours to Zachary Kinzer. Therefore, he contends that he is owed overtime. Further, he contends that because his paychecks did not reflect actual hours worked, defendants violated relevant provisions of the Wage Theft Prevention Act. Notably, if, in fact, Mr. Rios was paid for any and all overtime that he worked defendants would have an affirmative defense to any alleged violations of the Wage Theft Prevention Act. Should this case go to trial a jury would have to decide whose account is more credible – that of Mr. Rios or that of Zachary Kinzer. Both parties understand that they expose themselves to considerable risk by going to trial as this case is a classic "he said, she said" scenario. Thus, the parties have agreed to avoid further litigation costs by settling.

    Based on discussions with plaintiff's counsel, we understand that it was not much beyond $10,000, not including liquidated damages and counsel fees.

Honorable Jack B. Weinstein
January 29, 2016
p. 2

### The Standard For Approval of a Settlement Agreement

A district court may approve a Fair Labor Standard Act ("FLSA") agreement between private litigants when the settlement is reached as a result of contested litigation to resolve *bona fide* disputes. In deciding whether to approve a settlement, the court must review the agreement for fairness. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *See Kopera v. Home Depot U.S.A., Inc.*, 09 Civ. 8337 (WHP), 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011). Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 336 (S.D.N.Y. 2012). In assessing counsel fees, the district court should confirm that the interest of plaintiff's counsel in his own compensation did not adversely affect the extent of relief procured for the plaintiff. *See id.*

### The Settlement Is Fair And Reasonable, and Should Be Approved

As mentioned above, the jurors' decision as to whether Mr. Rios is owed any overtime compensation by the defendants would be based primarily on their assessment of the credibility of two witnesses whose accounts contradict each other – Mr. Rios and his former supervisor Zachary Kinzer. In such situations, the verdict cannot be predicted with certainty. In light of the unpredictability of a verdict in Mr. Rios's favor, the $5,000 settlement reached, approximately half or at most a third of what he is allegedly owed, is fair and reasonable.

### The Award To Plaintiff's Counsel Should Be Approved

As is typical in these cases, the attorneys' fees to be earned were expressly contingent upon success under the retainer agreement with Mr. Rios. Plaintiff's counsel risked time and effort with no guarantee of any compensation whatsoever if the claims did not prevail.

Under the retainer agreement, Mr. Rios agreed to an attorney fee of 33.33% of any net settlement proceeds, after recovery of out-of-pocket expenses. Here, Mr. Rios will receive $2,920.15 of the total settlement payment of $5,000. Mr. Rios' attorney is to receive $2,079.85, which represents 33.33% of the settlement amount plus reimbursement of costs. *See, e.g., Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a one-third contingency to account for risks in litigation). Further, the amount of time that plaintiff's counsel spent on the case fully justifies the amount that he will receive – particularly because his lodestar, computed at the modest rate of $300 per hour, exceeds the requested attorney fee. A redacted version of his timesheet is annexed hereto as Exhibit B.

The parties did not have meaningful settlement discussions until the day of the initial conference. At that conference, Chief Magistrate Judge Gold urged counsel to both parties to settle the case as the costs of discovery and then going to trial would dwarf any alleged overtime that Mr. Rios was owed. He recommended $5000 as a fair settlement amount, which amount

Honorable Jack B. Weinstein
January 29, 2016
p. 3

included the award of attorney's fees. Counsel to both parties agreed to that settlement amount and thus we jointly submit the annexed settlement agreement for the Court's approval.

### The Settlement Agreement Is In Line With FLSA Policy

As the Court can see from the terms of the Settlement Agreement, the parties steer clear of any post-*Cheeks* concerns. First, the Settlement Agreement does not contain a confidentiality provision. Second, the Settlement Agreement does not contain a provision barring Mr. Rios from discussing his experience litigating against defendants with any other potential litigants against the defendants. Third, the Agreement does not contain an overly broad waiver of claims against the defendants.

For the reasons stated above, the parties jointly request that the Court approve the Settlement Agreement as presented to the Court.

                                                              Respectfully submitted,

                                                              /s/

                                                             Chad L. Edgar

cc:     Adam Braverman (by ECF)