# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of January___, 2016 by and between, on the one hand, Modesto Cortes Rios ("Rios"); and on the other hand, KenKleen Corp. ("KenKleen") , Kenneth Kinzer ("Kenneth") and Zachary Kinzer ("Zachary") (collectively, "Defendants"). Rios, KenKleen, Kenneth and Zachary shall be referred to herein individually as a "Party" and collectively as the "Parties."

WHEREAS, Rios commenced an action (*Rios v. KenKleen Corp., et al.*, 15 Civ. 5151 (JBW) (SMG) (E.D.N.Y.)) (the "Federal Action") against Defendants; and

WHEREAS, the Parties mutually desire to avoid further litigation and to enter into this Agreement to settle all disputes between them amicably in accordance with the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration for the covenants and obligations provided for herein, the sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1. **Effective Date**. The Effective Date of this Agreement shall be the date that the Court grants the Parties' application to accept this Agreement, the terms of which are recommended by Magistrate Judge Steven M. Gold for approval, and dockets that decision on the Court's ECF system.

2. **Payment Amount; Schedule.** Defendants shall pay Rios the sum of five thousand dollars ($5,000.00) (the "Payment Amount") in one payment no later than 30 days after the Effective Date, which amount includes attorney's fees. Rios authorizes and directs that the Payment Amount shall be made payable to Braverman Law PC, as attorney for Rios. As soon as commercially practicable, Defendants shall furnish Rios or his attorney a complete W-2 form and any other documentation customarily provided by employers to employees with respect to previous employment.

3. **Release**. Rios together with his heirs, executors, administrators, trustees, attorneys, and assigns hereby releases and discharges, and covenants not to sue, to the fullest extent permitted by law, KenKleen, together with its past, present, or future shareholders, members, principals, officers, directors, trustees, employees, agents, affiliates, attorneys, representatives, predecessors, successors, and assigns, and Kenneth and Zachary, together with their heirs, executors, administrators, trustees, attorneys, and assigns (collectively, the "Releasees") from and regarding all claims that were or could have been raised in the Federal Action. To the extent that any such claims against Defendants might be encompassed within or by a pending or future class action, representative action, or collective action, Rios will affirmatively "opt out" of or otherwise not elect to participate in that action and will not directly or indirectly seek nor accept any recovery therein.

4. <u>Stipulations of Discontinuance</u>. Promptly after the Effective Date, counsel for the Parties shall execute and file stipulations of discontinuance in the Federal Action dismissing with prejudice all claims by Rios against Defendants.

5. <u>Prohibited Statements</u>. Rios agrees not to make disparaging statements about any Defendant or have others do so on his behalf either to media or to any past and current customers of Defendants. Rios retains the right to make truthful statements about his lawsuit against Defendants to any former or current employees of Defendants. Each of the Defendants agrees not to make disparaging statements about Rios or have others do so on his or its behalf, provided that each of the Defendants retains the right to make truthful statements about the Federal Action in any future lawsuit, investigation and to any former or current employees of Defendants. If Defendants are contacted with respect to Rios's employment with Defendants, Defendants will only confirm dates of employment.

6. <u>Choice of Law, Jurisdiction, and Venue</u>. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to any conflict of laws rules to the contrary. The courts in Kings County (State and Federal) shall have exclusive jurisdiction over any controversies relating to or arising out of this Agreement, and the Parties waive any objection based on venue or personal jurisdiction being asserted over them by such a court. In any action or proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party (in addition to any damages or other relief the Court may award) reasonable attorneys' fees and costs incurred in such action or proceeding.

7. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Parties hereto with respect to the matters covered hereby and supersedes and extinguishes any prior or contemporaneous agreement, understanding, or undertaking, whether written or oral, by or between the Parties.

8. <u>Voluntary Signing of Agreement</u>. The Parties acknowledge that they each have voluntarily entered into this Agreement, after consulting with counsel, and that no promises or representations were made to them by any person to induce them to enter into this Agreement other than the express terms set forth herein. The Parties further acknowledge that they each have read this Agreement and understood all of its terms. Rios acknowledges that he has had this Agreement translated into, or explained to him in, his native language before signing it. This Agreement shall be deemed to have been drafted by the Parties jointly.

9. <u>Modification and Waiver</u>. No term or provision of this Agreement may be varied, changed, modified, waived, discharged, or terminated orally, but only by an instrument in writing signed by the Party against whom the enforcement of the variation, change, modification, waiver, discharge, or termination is sought. The waiver by any Party hereto of any breach of any provision of this Agreement shall not constitute or operate as a waiver of any other breach of such provision or of any provision hereto, nor shall any failure to enforce any provision hereto operate as a waiver at such time or at any time in the future of such provision or any provision hereof.

10. <u>Severability</u>. In the event that any provision of this Agreement shall be found to be invalid and unenforceable in any action or proceeding, the remaining provisions shall remain in full force and effect.

11. <u>Counterparts</u>. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures by facsimile, .pdf, or other electronic imaging shall be deemed to constitute original signatures. Copies of this Agreement shall have the same force and effect as an original, and each of the Parties hereby expressly waives any right to assert that such copies fail to comply with the "Best Evidence" rule of the Federal Rules of Evidence or any equivalent rule of law or evidence of any other jurisdiction.

12. <u>Authority</u>. Each person executing this Agreement on behalf of each Party represents and warrants that he or she is duly authorized to do so and that his or her signature so binds the Party.

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

*Modesto Cortes Rios*
By: Modesto Cortes Rios
Date: Jan. 22, 2015

_____
By: Kenneth Kinzer
Date:

_____
By: Zachary Kinzer
Date:

For KenKleen Corp.:

_____
By:
Title:
Date:

10.  Severability. In the event that any provision of this Agreement shall be found to be invalid and unenforceable in any action or proceeding, the remaining provisions shall remain in full force and effect.

11.  Counterparts. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures by facsimile, .pdf, or other electronic imaging shall be deemed to constitute original signatures. Copies of this Agreement shall have the same force and effect as an original, and each of the Parties hereby expressly waives any right to assert that such copies fail to comply with the "Best Evidence" rule of the Federal Rules of Evidence or any equivalent rule of law or evidence of any other jurisdiction.

12.  Authority. Each person executing this Agreement on behalf of each Party represents and warrants that he or she is duly authorized to do so and that his or her signature so binds the Party.

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

By: Modesto Cortes Rios
Date:

By: Kenneth Kinzer
Date: 1/26/16

By: Zachary Kinzer
Date: 1/26/16

For KenKleen Corp.:

By: _____ President
Title:
Date: 1/26/16